IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD HOWLIET, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL NO. 09-488-GPM |
| vs. | ) |
| | ) CRIMINAL NO. 04-30139-GPM |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Gerald Howliet, who is currently serving a life sentence in the custody of the Bureau of Prisons, brings this action pursuant to 28 U.S.C. § 2255 to challenge his sentence. Mr. Howliet bases his claim on alleged: illegal arrest; lack of probable cause for the search warrant of his home; illegal seizure of money; and ineffective assistance of counsel. For the reasons set forth below, Mr. Howliet's motion is DENIED.

### BACKGROUND

Mr. Howliet was indicted on four counts alleging conspiracy to distribute controlled substances (Count I), possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and felony in possession of a firearm in violation of 18 U.S.C. § 922(g). He was convicted on all but Count I. *See United States v. Farmer,* 543 F.3d 363, 376 (7th Cir. 2008). Preceding his indictment, in July 2003, an East St. Louis police officer pulled over and arrested Mr. Howliet upon direction from the United States Marshal's service that Mr. Howliet's

home would be searched. At that time, a federal search warrant for Mr. Howliet's home and a county arrest warrant for Mr. Howliet were outstanding. The search warrant was based on information provided by two confidential sources who had purchased crack cocaine from Mr. Howliet's cousin. In March 2004, Mr. Howliet was pulled over and administered a warning for tinted car windows. During that stop, Mr. Howliet gave the officer permission to search the vehicle, leading to the seizure of a large amount of cash from a duffle bag in the car (*See* Doc. 3 at 8). The money was introduced into evidence at his trial.

On direct appeal to the Seventh Circuit, as he had before this Court, Mr. Howliet argued that evidence obtained during a search of his residence should have been suppressed because the search warrant lacked probable cause. *Farmer,* 543 F.3d at 377. The Seventh Circuit affirmed this Court's finding that the affidavit on which the search warrant was based "set forth sufficient facts to establish probable cause." *Id.* On appeal, Mr. Howliet also argued that the good faith exception to the exclusionary rule should not apply to evidence seized pursuant to the search warrant. Because the Seventh Circuit found that the warrant was supported by probable cause, they did not address the good faith exception issue. *Id.* at 378.

## ANALYSIS

<u>Standard to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255</u>

In general, the Court must grant a request to vacate, set aside, or correct a federal prison sentence when "the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the

criminal process to a person who already has had an opportunity for full process. Consequently, Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Relief under Section 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997), *quoting Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). Petitions under Section 2255 are subject to various bars, including that of procedural default. A Section 2255 petition is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, such a petition cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

Evidentiary Hearing

An evidentiary hearing on a motion brought pursuant to 28 U.S.C. § 2255 is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001); *see also United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991) ("[I]f there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial, there is no reason to hold a hearing."). Additionally, the Seventh Circuit has noted that "[n]o hearing is required in a section 2255

proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984).

In the present case, Mr. Howliet's § 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. In his reply to the Government's response, Mr. Howliet does state that an evidentiary hearing is "virtually mandate[d]" (Doc 9 at 2). This is simply not the case. After careful review of the motion, files and records, the Court concludes that any factual matters raised by the motion may be resolved on the record and an evidentiary hearing is not required in this case. Accordingly, the Court will resolve the motion without a hearing**.**

Probable Cause for Search Warrant of Mr. Howliet's Home

A § 2255 motion is not a "recapitulation of…a direct appeal. Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (internal citations and quotations omitted). In his § 2255 motion, Mr. Howliet raises the precise probable cause issue he argued in his direct appeal. *See Farmer,* 543 F.3d at 377. The Seventh Circuit dismissed that argument. *Id.* This Court will not reconsider issues already decided at trial or on direct appeal. *See Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). Mr. Howliet's probable cause argument is barred, and his sentence will not be disturbed on that ground.

Arrest and Seizure

These § 2255 claims are also barred. "[C]laims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal." *Sandoval v. United States,* 574

F.3d 847, 850 (7th Cir. 2009). Neither in his § 2255 motion nor in his reply to the Government's response does Mr. Howliet advance any reason why these arguments were not raised at trial or on direct appeal, nor does Mr. Howliet identify any prejudice that resulted from the failure to appeal these issues directly.[1] These alleged errors do not give rise to any "fundamental defect which inherently results in a complete miscarriage of justice," and are therefore barred from collateral review. *Davis v. United States,* 417 U.S. 333, 346 (1974).[2]

Ineffective Assistance of Counsel

A claim of ineffective assistance of trial counsel may properly be raised in a Section 2255 petition regardless of whether the defendant raised the issue of ineffective assistance on direct appeal from his or her conviction. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish a claim of ineffective assistance of counsel, the petitioner must show: 1) that his counsel's "performance was deficient, which means counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment," and 2) "that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahaffey v. Schomig,* 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland v. Washington,* 466 U.S. 668, 687 (1984). As the Seventh Circuit has noted, "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d

---

[1] In his § 2255 motion, Mr. Howliet does assert that ineffective assistance of counsel prevented an adequate argument at trial that his money was illegally seized from his car (Doc. 3 at 12). Ineffective assistance of counsel is addressed separately in this Order.

[2] In its response, the Government's succinctly argues that even if these alleged errors occurred, no prejudice resulted to Mr. Howliet (Doc. 8 at 8, 11).

333, 338 (7th Cir. 1995).

Here, Mr. Howliet contends that his counsel: failed to adequately argue against the affidavit underlying the search warrant; failed to argue that Mr. Howliet's "illegal arrest" violated his Fifth Amendment rights; failed to address the "illegal seizure" of Mr. Howliet's money; and failed to file a motion to dismiss that was anything more than "bare bones."  None of these claims satisfy Mr. Howliet's burden under either prong of the *Strickland* analysis.  The search warrant argument can be quickly dispensed with.  As mentioned above, Mr. Howliet's counsel did argue that the affidavit was insufficient, and counsel made these arguments before both the district and appellate courts.  The Seventh Circuit spent the better part of three pages discussing that very argument. *Farmer,* 543 F.3d at 376-78.  Counsel's performance was clearly not deficient.  Regarding the alleged failure to address the "illegal" arrest, Mr. Howliet's attorney did argue that the July 2003 arrest was illegal (3:04-cr-30139-GPM-9, Doc. 444 at 2-3).  Counsel made oral arguments before the Court on this issue (3:04-cr-30139-GPM-9, Doc. 490).  The Court considered counsel's arguments and denied the motion to suppress,  but not without analyzing the arguments advanced by Mr. Howliet's counsel (3:04-cr-30139-GPM-9, Doc. 514).  In that order, the Court specifically found that Mr. Howliet's limited detention in the East St. Louis police station was reasonable under the circumstances (*Id.* at 5-7).  Counsel's performance was not unreasonable.  It is the other *Strickland* prong that dooms Mr. Howliet's illegal seizure argument against counsel.  Mr. Howliet claims that his attorney did not object to the introduction of cash seized from Mr. Howliet's vehicle during a traffic stop.  Mr. Howliet's § 2255 motion acknowledges that the money was introduced as evidence of his participation in a drug conspiracy.  However, as Mr. Howliet himself points out, he was acquitted

of that conspiracy charge. Thus no prejudice could have resulted.[3]

Mr. Howliet's final ineffective assistance of counsel argument is that the motion to dismiss filed on his behalf was lacking. Mr. Howliet particularly complains that, in this motion, his attorney cited no legal authority to the Court. The motion to dismiss rested on a contention that the seizure of evidence in the case violated Mr. Howliet's Constitutional rights (3:04-cr-30139-GPM-9, Doc. 493). The Court's Order dismissing the motion makes it clear that Mr. Howliet's counsel made arguments supporting that position at the February 15, 2006 hearing on the motion to suppress (3:04-cr-30139-GPM-9, Doc. 514). The Court analyzed the motion and did not dismiss it out of hand. Neither did the Court refer to lack of legal citation. Counsel did not fall below any professional norm when he filed the motion to dismiss on Mr. Howliet's behalf. Mr. Howliet's § 2255 motion does not allege any facts to convince this Court that his counsel was deficient, and his ineffective assistance of counsel claim subsequently fails.

## CONCLUSION

Mr. Howliet's § 2255 claims are barred, defaulted and/or without merit. This motion is therefore DENIED, and this action is dismissed with prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 12/28/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[3] The Government also notes that Mr. Howliet's counsel *did* object to introduction of the seized money at trial and was granted a suppression hearing on the matter in the middle of the trial itself (Doc. 8 at 15).